**Charles G. CRISWELL; Eugene R. Black, Plaintiffs–Appellees,**

v.

**DELTA AIR LINES, INC., Defendant–Appellant.**

No. 87–5771.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1988.

Memorandum Filed Oct. 12, 1988.

Decided Feb. 28, 1989.

Certiorari Denied March 6, 1989.

See 109 S.Ct. 1342.

William H. Boice, L. Dale Owens, and Thomas J. Munger, Atlanta, Ga., for defendant-appellant.

Raymond C. Fay, Bell, Boyd & Lloyd, Washington, D.C., and Alan M. Serwer, Chicago, Ill., for plaintiffs-appellees.

Before BROWNING, NELSON and CANBY, Circuit Judges.

## INTRODUCTION

CANBY, Circuit Judge:

This action had its genesis more than ten years ago when pilot Charles Criswell, and two other plaintiffs, were forced to retire at age 60 by Western Air Lines ("Western"). A jury found that Western had violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34, when it (1) refused to allow DC–10 captains nearing the age of sixty to down-bid to the position of second officers (flight engineers), and (2) imposed a mandatory retirement age of sixty on second officers as a matter of company policy. *Criswell v. Western Air Lines, Inc.*, 514 F.Supp. 384 (C.D.Cal.1981). Final judgment and a permanent injunction were issued on May 13, 1981 by Judge Tashima.

This court affirmed the district court's decision. 709 F.2d 544 (9th Cir.1983). A unanimous Supreme Court affirmed. 472 U.S. 400, 105 S.Ct. 2743, 86 L.Ed.2d 321 (1985).

Western was acquired by and became a wholly-owned subsidiary of Delta Airlines ("Delta") in September of 1986. The merger was consummated on April 1, 1987.

After the merger, Delta refused to continue Criswell and the fifteen other movants ("plaintiffs") as second officers although it did offer them unspecified ground-level positions. Delta contends that its action was necessary because of its policy prohibiting captains and first officers from "bidding-down" and serving as second Officers.

Because of this refusal to continue their employment in cockpit positions, plaintiffs returned to Judge Tashima and moved to have defendant Western and respondent Delta held in contempt of court for failure to comply with the Final Judgment and Permanent Injunction in *Criswell v. Western Air Lines*. The district court granted the motion, holding that Delta is a successor to Western and is thus bound by the *Criswell* injunction.

Delta argues that, for purposes of the *Criswell* injunction, it is not a successor to Western and can therefore remove Criswell and the other plaintiffs from cockpit positions. We agree with the district court's analysis that Delta is a successor to Western. We therefore AFFIRM.

## DISCUSSION

*Successorship*

In an employment discrimination action, there are three principal factors relating to successor liability:

(1) continuity in operations and work force of the successor and predecessor employers;

(2) notice to the successor employer of its predecessor's legal obligation; and

(3) ability of the predecessor to provide adequate relief directly.

*Bates v. Pacific Maritime Ass'n*, 744 F.2d 705, 709–10 (9th Cir.1984) (imposing liability for a Title VII consent decree on successor employer); *see also Slack v. Havens*, 522 F.2d 1091, 1094–95 (9th Cir.1975). Because the origins of successor liability are equitable, fairness is a prime consideration in its application. The emphasis, therefore, is on the second and third factors listed above.

[T]wo factors [notice and ability to provide relief] are critical to the imposition of successor liability. The successor doctrine is derived from equitable principles, and it would be grossly unfair, except in the most exceptional circumstances, to impose successor liability on an innocent purchaser when the predecessor is fully capable of providing relief or when the successor did not have the opportunity to protect itself ...

*Musikiwamba v. Essi, Inc.*, 760 F.2d 740, 750 (7th Cir.1985). *See Bates*, 744 F.2d at 710 ("These factors indicate that both fairness and necessity are inherent considerations in successorship analysis.").

## Delta's Policies

■ In the present case, all of the elements for a finding of successorship are satisfied. First, there was continuity in operations and the work force of the successor and predecessor employers. There was ample evidence that during the post-merger period in question, the former Western flight operations were not integrated into Delta operations. Former Western personnel continued to fly former Western equipment on former Western routes, while Delta's pre-merger operations continued substantially unchanged. Second, Delta was on notice of Western's legal obligation; it filed an amicus brief in support of Western in *Criswell v. Western Air Lines.* Third, Western is clearly incapable of providing the relief required by the injunction; it no longer exists as a corporate entity. Delta, on the other hand, had and has the ability to provide adequate relief. The plaintiffs all down-bid to second officer positions while at Western; they could obtain complete relief if Delta simply retained them in the positions they held at the time Delta acquired Western. Delta need not change its up-or-out policy as it applies to others in order to accord relief to plaintiffs. Since all three of the factors affecting successor liability weigh in favor of plaintiffs, the district court did not err in holding Delta subject to the Western injunction.

■ Delta nevertheless argues that successorship liability does not apply to the "independent" actions of an acquiring company. Should plaintiffs seek to challenge these "new" policies they can file a new action against Delta directly. Delta's argument ignores a basic tenet of successorship doctrine: the obligation imposed on the successor is preexisting. As this court noted in *Bates,* "[i]n successorship cases, it is necessary to distinguish between the necessity for finding discrimination in the first instance, and the enforcement of an already established obligation against a successor employer.... Successorship liability, [ ] rests upon the consent decree itself, not upon some independent admission of wrongdoing." 744 F.2d at 709. Plaintiffs are not challenging Delta's new policies per se; they are simply insisting on a fulfillment of obligations owing to them because of Western's actions and the injunction remedying them. "[T]he disappearance by merger of a corporate employer ... does not automatically terminate all rights of the [previous] employees ...[;] the successor employer may [still] be required to arbitrate with the union under the [prior] agreement." *John Wiley & Sons, Inc., v. Livingston,* 376 U.S. 543, 548, 84 S.Ct. 909, 914, 11 L.Ed.2d 898 (1964). Delta may be free to execute its own policies to other employees, but it is not free to abrogate its predecessor's obligations to plaintiffs under the injunction.

## Challenge to Injunctive Relief

■ Delta's final argument, that petitioners must meet the criteria for injunctive relief, is misdirected; the real issue in this case is whether successorship liability attaches. Because the merits of Criswell's claims have already been adjudicated, and because the obligation is preexisting, the plaintiffs need not make an independent showing for injunctive relief. Nor need they file a new action.

That the new employer is not a party to the consent decree is of course irrelevant, for that is the whole point of the successorship doctrine. The question is whether the successorship doctrine applies and, if so, on what rationale. *Bates,* 744 F.2d at 709. Determination of successorship is a highly fact-specific enterprise, and we find in the record no reason to disagree with the district court's analysis. *See e.g., Howard Johnson Co., Inc. v. Detroit Local Joint Exec. Bd.,* 417 U.S. 249, 256, 94 S.Ct. 2236, 2240, 41 L.Ed.2d 46 (1974); *Bates,* 744 F.2d at 709. Delta is a successor to Western for purposes of the Criswell injunction.

## CONCLUSION

The judgment of the district court is affirmed. There is a continuity of operations between the merged airlines, Delta had notice of Western's obligations, and Delta has the ability to provide relief. The elements for successorship are satisfied.

The district court did not err in finding that Delta has succeeded to the position of Western and is therefore bound by the Criswell injunction.

AFFIRMED.